JUDGE KOELTL

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

13 CV 8819

SANDRA FIELDS and SEAN MCKEOWN,

                    Plaintiffs,

    -against-

THE CITY OF NEW YORK; POLICE
LIEUTENANT STEPHEN LATALARDO;
POLICE LIEUTENANT DANIEL ALBANO;
POLICE OFFICER FELIX SCHMIDT, Shield No.
31671 (retired); JOHN DOES; and RICHARD
ROES,

                    Defendants.

-----------------------------------------------------------------X

**COMPLAINT**

**JURY TRIAL DEMANDED**

RECEIVED DEC 12 2013 U.S.D.C. S.D.N.Y. CASHIERS

## PRELIMINARY STATEMENT

1. This is a civil rights action in which the plaintiffs SANDRA FIELDS and SEAN MCKEOWN seek relief for the defendants' violation of their rights secured by the Civil Rights Act of 1871, 42 U.S.C. Section 1983, by the United States Constitution, including its First, Fourth and Fourteenth Amendments, and by the laws and Constitution of the State of New York. Plaintiffs seek damages, both compensatory and punitive, affirmative and equitable relief, an award of costs and attorneys' fees, and such other and further relief as this court deems equitable and just.

1

## JURISDICTION

2. This action is brought pursuant to the Constitution of the United States, including its First, Fourth and Fourteenth Amendments, and pursuant to 42 U.S.C. §1983. Jurisdiction is conferred upon this court by 42 U.S.C. §1983 and 28 U.S.C. §§1331 and 1343(a)(3) and (4), this being an action seeking redress for the violation of the plaintiffs' constitutional and civil rights.

3. The plaintiffs further invoke this court's supplemental jurisdiction, pursuant to 28 U.S.C. §1367, over any and all state law claims and as against all parties that are so related to claims in this action within the original jurisdiction of this court that they form part of the same case or controversy.

## JURY TRIAL DEMANDED

4. Plaintiffs demand a trial by jury on each and every one of their claims as pleaded herein.

## VENUE

5. Venue is proper for the United States District Court for the Southern District of New York pursuant to 28 U.S.C. §1391 (a), (b) and (c).

## NOTICE OF CLAIM

6. Plaintiffs each file a Notice of Claim with the Comptroller of the City of New York on December 7, 2012. More than 30 days have elapsed since service of these Notices of Claim, and adjustment or payment thereof has been neglected or refused.

## PARTIES

7. Plaintiffs SANDRA FIELDS and SEAN MCKEOWN were at all times relevant herein residents of the State of New York.

2

8. Defendant THE CITY OF NEW YORK is and was at all times relevant herein a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to maintain a police department, which acts as its agent in the area of law enforcement and for which it is ultimately responsible. Defendant THE CITY OF NEW YORK assumes the risks incidental to the maintenance of a police force and the employment of police officers as said risk attaches to the public consumers of the services provided by the New York City Police Department.

9. Defendants POLICE LIEUTENANT STEPHEN LATALARDO; POLICE LIEUTENANT DANIEL ALBANO; POLICE OFFICER FELIX SCHMIDT, Shield No. 31671; and JOHN DOES, are and were at all times relevant herein duly appointed and acting officers, servants, employees and agents of THE CITY OF NEW YORK and/or the New York City Police Department (NYPD), a municipal agency of defendant THE CITY OF NEW YORK. Defendants are and were at all times relevant herein acting under color of state law in the course and scope of their duties and functions as officers, agents, servants, and employees of defendant THE CITY OF NEW YORK, were acting for, and on behalf of, and with the power and authority vested in them by THE CITY OF NEW YORK and the New York City Police Department, and were otherwise performing and engaging in conduct incidental to the performance of their lawful functions in the course of their duties. Defendants POLICE LIEUTENANT STEPHEN LATALARDO; POLICE LIEUTENANT DANIEL ALBANO; POLICE OFFICER FELIX SCHMIDT, Shield No. 31671; and JOHN DOES, are sued individually and in their official capacity.

10. Defendants POLICE LIEUTENANT STEPHEN LATALARDO; POLICE

LIEUTENANT DANIEL ALBANO; and RICHARD ROES are and were at all times relevant herein duly appointed and acting supervisory officers, servants, employees and agents of THE CITY OF NEW YORK and/or the New York City Police Department, responsible for the training, retention, supervision, discipline and control of subordinate members of the police department under their command. Defendants are and were at all times relevant herein acting under color of state law in the course and scope of their duties and functions as supervisory officers, agents, servants, and employees of defendant THE CITY OF NEW YORK, were acting for, and on behalf of, and with the power and authority vested in them by THE CITY OF NEW YORK and the New York City Police Department, and were otherwise performing and engaging in conduct incidental to the performance of their lawful functions in the course of their duties. POLICE LIEUTENANT STEPHEN LATALARDO; POLICE LIEUTENANT DANIEL ALBANO; and RICHARD ROES are sued individually and in their official capacity.

## STATEMENT OF FACTS

11. On September 15, 2012, approximately 7:00 p.m. and thereafter, Plaintiffs were participating in a sidewalk march connected to the Occupy Wall Street (OWS) movement.

12. Plaintiffs were marching on the sidewalk, holding a folded banner that said "Occupy."

13. Plaintiffs were purposely holding the banner in a manner designed to not impede pedestrian traffic.

14. Plaintiffs were not obstructing pedestrian traffic.

15. Plaintiffs stopped for traffic signals when crossing streets.

16. Plaintiffs were not in violation of any law, and were simply peaceably exercising

their First Amendment rights.

17. As the march proceeded southbound on the west sidewalk of Broadway, it was escorted, and led, by a large number of New York City police officers.

18. With no warning whatsoever, Defendant LIEUTENANT STEPHEN LATALARDO - a large, physically powerful man - charged into the marchers and violently propelled Plaintiff FIELDS to the ground, without cause or justification.

19. Plaintiff FIELDS, disoriented from striking the ground, was after a short time helped to her feet by Defendant LIEUTENANT DANIEL ALBANO.

20. Defendant LATALARDO instructed his subordinates that Plaintiffs FIELDS and MCKEOWN be placed under arrest.

21. Defendant ALBANO – who is an attorney and a long-time member of the NYPD's Legal Bureau, and who has been a regular presence at demonstrations on behalf of the NYPD for many years – asked Defendant LATALARDO why he ordered that Plaintiff FIELDS be arrested.

22. Defendant LATALARDO informed Defendant ALBANO that Plaintiff Fields was to be arrested because she was holding the banner.

23. Defendant ALBANO knew that no crime had been committed by Plaintiff FIELDS, but failed to exercise his authority as a member of the NYPD's Legal Division to overrule Defendant LATALARDO's arrest decision and to direct that the arrest not be effected, or to void the arrest.

24. Defendant ALBANO also knew that no crime had been committed by Plaintiff MCKEOWN, but also failed to exercise his authority as a member of the NYPD's Legal Division to direct that Plaintiff MCKEOWN's arrest not be effected, or to void the arrest.

25. Defendant POLICE OFFICER FELIX SCHMIDT, Shield No. 31671, put his hand on Plaintiff MCKEOWN's shoulder, and informed him that he was under arrest.

26. Defendant SCHMIDT patted Plaintiff MCKEOWN down, and asked him if he could put his hands in Plaintiff MCKEOWN's pockets, to which Plaintiff MCKEOWN consented.

27. Defendant SCHMIDT removed items from Plaintiff MCKEOWN's pockets, including Plaintiff's keys, cell phone, and wallet.

28. Plaintiff MCKEOWN did not consent to the removal of any of his property from his pockets.

29. Defendant SCHMIDT then placed the property back in Plaintiff MCKEOWN's pocket.

30. A JOHN DOE police officer then searched Plaintiff again, and removed Plaintiff's cell phone from Plaintiff's pocket.

31. That JOHN DOE police officer stole Plaintiff MCKEOWN's cell phone, which was never returned to him.

32. Plaintiff MCKEOWN was an organizer for OWS.

33. Plaintiff MCKEOWN's phone was stolen, on information and belief, to obtain intelligence for the New York City Police Department on the OWS movement.

34. The banner Plaintiffs were holding was also never vouchered, and was never returned to Plaintiffs.

35. Plaintiff MCKEOWN was then searched a third time, by Defendant SCHMIDT.

36. Plaintiff MCKEOWN told Defendant SCHMIDT, and a JOHN DOE supervisory officer on the scene, that one of the police officers had taken his cell phone.

37. Plaintiff MCKEOWN did not receive a response to this complaint that his phone had been taken from him by one of the police officers at the scene.

38. Plaintiffs FIELDS was handcuffed in the front of her body with excessive tightness and taken to the NYPD 7th precinct in a police car by two JOHN DOES Defendants, after first being driven around to other precincts.

39. Plaintiff MCKEOWN was rear-cuffed and placed into a police van.

40. While in the van, Plaintiff MCKEOWN asked Defendant SCHMIDT why he and others had been arrested, and what the charges will be.

41. Defendant SCHMIDT responded, "The charges will be bullshit."

42. Plaintiff MCKEOWN and other arrestees from the scene were first taken to the NYPD 1st Precinct in the police van by Defendant SCHMIDT and a JOHN DOE police officer.

43. Plaintiff MCKEOWN and the other arrestees in the police van were then taken to the NYPD 7th Precinct.

44. Plaintiff MCKEOWN complained to one of the JOHN DOES police officers that the handcuff on his left wrist was too tight (and also informed the officer that the handcuff on his right wrist was too loose).

45. The JOHN DOE officer did not loosen the handcuff on Plaintiff MCKEOWN's left wrist in response to Plaintiff MCKEOWN's complaint.

46. Inside the 7th Precinct, Plaintiff MCKEOWN again complained to JOHN DOES officers about the tightness of his handcuffs.

47. Plaintiff MCKEOWN continued to be held in handcuffs for at least a half an hour inside the 7th precinct following that complaint.

48.     Plaintiff MCKEOWN was placed into a holding cell with other arrestees for approximately two hours.

49.     After approximately two or more hours in custody at the precinct, being held in both a chair and in a cell, Plaintiff FIELDS was issued a summons falsely charging her with disorderly conduct by Defendant SCHMIDT, and released.

50.     When Plaintiff FIELDS went to court to respond to the summons on November 23, 2012, she was informed that the NYPD had failed to file a legally acceptable accusatory instrument with the Court, and that she need not return further to Court.

51.     Plaintiff MCKEOWN was issued a Desk Appearance Ticket by Defendant SCHMIDT, falsely charging him with disorderly conduct, and released.

52.     Defendant LATALARDO is the signatory on the Criminal Court Complaint lodged against Plaintiff MCKEOWN, which is rife with lies made under penalty of perjury.

53.     The charges against Plaintiff MCKEOWN have been dismissed in their entirety by way of Adjournment in Contemplation of Dismissal.

### FIRST CLAIM

### DEPRIVATION OF RIGHTS UNDER THE UNITED STATES CONSTITUTION AND 42 U.S.C. §1983

54.     The plaintiffs incorporate by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

55.     By their conduct and actions in seizing plaintiffs, searching plaintiffs, depriving Plaintiffs of their property, falsely arresting and imprisoning plaintiffs, assaulting and battering plaintiffs, trespassing upon plaintiffs, maliciously prosecuting plaintiff Fields, abusing process

against plaintiff, violating rights to due process of plaintiffs, violating and retaliating for plaintiffs' exercise of their rights to free speech and assembly, failing to intercede on behalf of the plaintiffs and in failing to protect the plaintiffs from the unjustified and unconstitutional treatment they received at the hands of other defendants, defendants LATALARDO, ALBANO, SCHMIDT, DOES and/or ROES, acting under color of law and without lawful justification, intentionally, maliciously, and with a deliberate indifference to or a reckless disregard for the natural and probable consequences of their acts, caused injury and damage in violation of plaintiffs' constitutional rights as guaranteed under 42 U.S.C. §1983 and the United States Constitution, including its First, Fourth, and Fourteenth amendments.

56. As a result of the foregoing, plaintiffs were deprived of their liberty and property, experienced injury, pain and suffering, emotional injury, costs and expenses, and were otherwise damaged and injured.

## SECOND CLAIM

## DEPRIVATION OF RIGHTS UNDER THE UNITED STATES CONSTITUTION AND 42 U.S.C. §1983

57. The plaintiffs incorporate by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

58. By their conduct in failing to remedy the wrongs committed by their subordinates and in failing to properly train, supervise, or discipline their subordinates, supervisory defendants LATALARDO, ALBANO, and RICHARD ROES caused damage and injury in violation of plaintiffs' rights guaranteed under 42 U.S.C. §1983 and the United States Constitution, including its First, Fourth, and Fourteenth amendments.

59. As a result of the foregoing, plaintiffs were deprived of their liberty and property, experienced injury, pain and suffering, emotional injury, costs and expenses, and were otherwise damaged and injured.

### THIRD CLAIM

### LIABILITY OF DEFENDANT THE CITY OF NEW YORK FOR CONSTITUTIONAL VIOLATIONS

60. The plaintiffs incorporate by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

61. At all times material to this complaint, defendant THE CITY OF NEW YORK, acting through its police department, and through the individual defendants had de facto policies, practices, customs and usages which were a direct and proximate cause of the unconstitutional conduct alleged herein.

62. At all times material to this complaint, defendant THE CITY OF NEW YORK, acting through its police department, and through the individual defendants, had de facto policies, practices, customs, and usages of failing to properly train, screen, supervise, or discipline employees and police officers, and of failing to inform the individual defendants' supervisors of their need to train, screen, supervise or discipline said defendants. These policies, practices, customs, and usages were a direct and proximate cause of the unconstitutional conduct alleged herein.

63. At all times material to this complaint, defendant THE CITY OF NEW YORK, acting through its police department, and through the individual defendants, had de facto policies, practices, customs, and usages of encouraging and/or tacitly sanctioning the violation of

and/or retaliation for individuals' exercise of free speech and association in a manner that affronts police officers or is interpreted by police officers as challenging their authority or documenting or reporting their misconduct. These policies, practices, customs, and usages were a direct and proximate cause of the unconstitutional conduct alleged herein.

64. At all times material to this complaint, the defendant THE CITY OF NEW YORK, acting through its police department and through the individual defendants, had de facto policies, practices, customs and/or usages of encouraging and/or tacitly sanctioning the cover-up of other law enforcement officers' misconduct, through the fabrication of false accounts and evidence and/or through "the blue wall of silence." Such policies, practices, customs and/or usages are a direct and proximate cause of the unconstitutional conduct alleged herein.

65. At all times material to this complaint, the defendant THE CITY OF NEW YORK, acting through its police department and through the individual defendants, had de facto policies, practices, customs and/or usages of engaging in unconstitutional false arrests and related malicious prosecutions and abuses of process, and the theft of property for intelligence purposes, and in unconstitutional, violent, and overly aggressive actions toward individuals perceived as being affiliated with the Occupy Wall Street movement. Such policies, practices, customs and/or usages are a direct and proximate cause of the unconstitutional conduct alleged herein.

66. As a result of the foregoing, plaintiffs were deprived of their liberty and property, experienced injury, pain and suffering, emotional injury, costs and expenses, and were otherwise damaged and injured.

## FOURTH CLAIM

## RESPONDEAT SUPERIOR LIABILITY OF THE CITY OF NEW YORK

## FOR STATE LAW VIOLATIONS

67. The plaintiffs incorporate by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

68. The conduct of the individual defendants alleged herein, occurred while they were on duty and in uniform, and/or in and during the course and scope of their duties and functions as New York City police officers, and/or while they were acting as agents and employees of the defendant THE CITY OF NEW YORK, and, as a result, the defendant THE CITY OF NEW YORK is liable to the plaintiffs pursuant to the state common law doctrine of respondeat superior.

69. As a result of the foregoing, plaintiffs were deprived of their liberty and property, experienced injury, pain and suffering, emotional injury, costs and expenses, and were otherwise damaged and injured.

## **FIFTH CLAIM**

## **ASSAULT AND BATTERY**

70. The plaintiffs incorporate by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

71. By the actions described above, defendants did inflict assault and battery upon the plaintiffs. The acts and conduct of defendants were the direct and proximate cause of injury and damage to the plaintiffs and violated their statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

72. As a result of the foregoing, plaintiffs were deprived of their liberty and property, experienced injury, pain and suffering, emotional injury, costs and expenses, and were otherwise damaged and injured.

## SIXTH CLAIM

## FALSE ARREST AND FALSE IMPRISONMENT

73. The plaintiffs incorporate by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

74. By the actions described above, defendants caused plaintiffs to be falsely arrested and imprisoned, without reasonable or probable cause, illegally and without a warrant, and without any right or authority to do so. The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the plaintiffs and violated their statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

75. As a result of the foregoing, plaintiffs were deprived of their liberty and property, experienced injury, pain and suffering, emotional injury, costs and expenses, and were otherwise damaged and injured.

## SEVENTH CLAIM

## VIOLATION OF AND RETALIATION FOR THE EXERCISE OF RIGHTS TO FREE SPEECH AND ASSEMBLY

76. The plaintiffs incorporate by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

77. By the actions described above, defendants violated, and retaliated for the exercise of, the free speech and assembly rights of plaintiffs. The acts and conduct of the defendants were the direct and proximate cause of injury and damage to plaintiffs and violated their statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

78. As a result of the foregoing, plaintiffs were deprived of their liberty and property,

experienced injury, pain and suffering, emotional injury, costs and expenses, and were otherwise damaged and injured.

## EIGHTH CLAIM

## TRESPASS

79. The plaintiffs incorporate by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

80. The defendants willfully, wrongfully and unlawfully trespassed upon the persons of plaintiffs.

81. As a result of the foregoing, plaintiffs were deprived of their liberty and property, experienced injury, pain and suffering, emotional injury, costs and expenses, and were otherwise damaged and injured.

## NINTH CLAIM

## NEGLIGENCE

82. The plaintiffs incorporate by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

83. The defendants, jointly and severally, negligently caused injuries, emotional distress and damage to the plaintiffs. The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the plaintiffs and violated their statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

84. As a result of the foregoing, plaintiffs were deprived of their liberty and property, experienced injury, pain and suffering, emotional injury, costs and expenses, and were otherwise damaged and injured.

## TENTH CLAIM

## NEGLIGENT HIRING, SCREENING, RETENTION, SUPERVISION AND TRAINING

85. The plaintiffs incorporate by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

86. Defendants THE CITY OF NEW YORK negligently hired, screened, retained, supervised and trained defendants. The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the plaintiffs and violated their statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

87. As a result of the foregoing, plaintiffs were deprived of their liberty and property, experienced injury, pain and suffering, emotional injury, costs and expenses, and were otherwise damaged and injured.

## ELEVENTH CLAIM

## CONVERSION

88. The plaintiffs incorporate by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

89. Through their actions in causing a serious interference with, and/or in seriously interfering with, plaintiffs' right of possession in their property, and/or in exercising unauthorized possession and/or ownership over plaintiffs' property, defendants wrongfully converted plaintiffs' property. The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the plaintiffs and violated their statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

90. As a result of the foregoing, plaintiffs were deprived of their liberty and property,

experienced injury, pain and suffering, emotional injury, costs and expenses, and were otherwise damaged and injured.

## TWELFTH CLAIM

## MALICIOUS PROSECUTION

91. The plaintiffs incorporate by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

92. By the actions described above, defendants maliciously prosecuted plaintiff FIELDS without any right or authority to do so. The acts and conduct of the defendants were the direct and proximate cause of injury and damage to plaintiff FIELDS and violated her statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

93. As a result of the foregoing, plaintiffs were deprived of their liberty and property, experienced injury, pain and suffering, emotional injury, costs and expenses, and were otherwise damaged and injured.

## THIRTEENTH CLAIM

## ABUSE OF PROCESS

94. The plaintiffs incorporate by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

95. By the conduct and actions described above, defendants employed regularly issued process against plaintiffs compelling the performance or forbearance of prescribed acts. The purpose of activating the process was intent to harm plaintiffs without economic or social excuse or justification, and the defendants were seeking a collateral advantage or corresponding detriment to plaintiffs which was outside the legitimate ends of the process. The acts and conduct

of the defendants were the direct and proximate cause of injury and damage to plaintiffs and violated their statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

96. As a result of the foregoing, plaintiffs were deprived of their liberty and property, experienced injury, pain and suffering, emotional injury, costs and expenses, and were otherwise damaged and injured.

## FIFTEENTH CLAIM

## CONSTITUTIONAL TORT

97. The plaintiffs incorporate by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

98. Defendants, acting under color of law, violated plaintiffs' rights pursuant to Article I, §§ 6, 8, 9, and 12 of the New York State Constitution.

99. A damages remedy here is necessary to effectuate the purposes of §§ 6, 8, 9, and 12 of the New York State Constitution, and appropriate to ensure full realization of plaintiffs' rights under those sections.

100. As a result of the foregoing, plaintiffs were deprived of their liberty and property, experienced injury, pain and suffering, emotional injury, costs and expenses, and were otherwise damaged and injured.

17

WHEREFORE, plaintiffs demand the following relief jointly and severally against all of the defendants:

    a. Compensatory damages;

    b. Punitive damages;

    c. The convening and empaneling of a jury to consider the merits of the claims herein;

    d. Costs and interest and attorney's fees;

    e. Such other and further relief as this court may deem appropriate and equitable.

Dated: New York, New York
December 12, 2013

/s/ JEFFREY A. ROTHMAN
JEFFREY A. ROTHMAN, Esq.
315 Broadway, Suite 200
New York, New York 10007
(212) 227-2980

Attorney for Plaintiff